FILED IN
CLERK'S OFFICE
2015 FEB 13 PM 2 29
MICHAEL A. BROWN
CLERK LAKE SUPERIOR COURT

STATE OF INDIANA      )
                      ) SS:      LAKE SUPERIOR COURT
COUNTY OF LAKE        )          CROWN POINT, INDIANA

PEDRO F. RICO AND      )
ELISA F. RICO,         )
         Plaintiffs    )
vs.                    )          CAUSE NO.
                       )
GREEN TREE SERVICING LLC;        )    45D02 1502PL00 013
J.P.MORGAN CHASE BANK, N.A.,     )
as successor to Bank One, N.A.;  )
BANK OF NEW YORK MELLON,         )
f/k/a/BONY, as successor Trustee; )
and                    )
OCWEN LOAN SERVICING, LLC,       )
         Defendants    )

## COMPLAINT FOR RECISSION AND DAMAGES DUE TO PREDATORY LOAN PRACTICES

Comes now Plaintiffs, Pedro and Elisa Rico, of 924 Sibley Blvd., Hammond, Indiana (hereafter "the Ricos") through Counsel, and allege the Defendants with a variety of predatory lending activities, including coercion, deceit in home lending, fraud, civil conspiracy, unjust enrichment, intentional infliction of emotional distress, violations of duty of Good Faith and Fair Dealing, and of The Fair Debt Collection Practices Act and the Truth in Lending Act and the Real Estate Settlement Practices Act.

This is a claim for damages and recission of an illegal and voidable Mortgage and Note to certain real estate; i.e.; 924 Sibley Boulevard, Hammond, IN., due to predatory loan and unfair practices taken by the Defendants. Plaintiffs also seek all allowable recovery for damages under pertinent state and federal laws concerning consumer rights, and as such,

assert:

## PARTIES AND JURISIDICTION

1. Plaintiffs ("the Ricos"), cannot speak or write the English Language, are lawfully admitted legal and permanent residents of the United States, and took out their first mortgage on the above property in 1996.

2. Defendant Green Tree Mortgage Service Division, through its broker and agent Nick C. Mallinos, of its Oak Brook, Ill. office, coerced the Ricos to refinance their mortgage with a new, higher interest rate, high-risk mortgage for its own benefit, to the financial detriment of the homeowners the Ricos.

3. Defendant JPMorgan Chase Bank, N.A. merged with Bank One, N.A. in 2004 and received unjust enrichment benefits of the refinanced mortgage agreement on or about July 22, 1999 between the Ricos and Bank One.

4. Defendant JPMorgan Chase Bank, in its due diligence, should have known that Bank One, acting in concert with Green Tree's predatory practices, used false settlement documents, robo-signed the Notary, changed the terms of the contract, and performed other deceitful acts in conjunction with the Ricos' refinanced mortgage.

5. In 2004, JPMorgan Chase Bank bundled the faulty high-risk mortgage with other high-risk mortgages and sold the bundled mortgages to Bank of New York Mellon, f/k/a Bank of New York, as Trustee .

6. Defendant Bank of New York Mellon, f/k/a/ Bank of New York, (BONY) as Trustee, is the current owner of the Rico's loan acting as successor to JPMorgan Chase Bank.

7. As such, Bank of New York Mellon, f/k/a BONY, as Trustee on behalf of registered certificate holders of GSMAP Trust 2004-SEA-2, Mortgage Pass Through Certificates, Series 2004-SEA2, has shared in the unjust enrichment to the detriment of the Rico's continued homeownership and equity development.

8. Defendant OCWEN Loan Servicing, LLC., currently services the Ricos' mortgage for Bank of New York Mellon, and has improperly changed the terms of the Ricos' mortgage without their approval.

9. Jurisdiction arises under state law and under The Truth in Lending Act, (TILA) 15 U.S.C. §160, et. seq.; the Real Estate Settlement Practices Act, (RESPA) 12 U.S.C. § 120, et. seq.; and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., which this Court has authority to hear.

## BACKGROUND and EVENTS

10. Plaintiff Pedro F. Eico, since 1989 a lawfully admitted immigrant to this country, worked and saved and bought the home at 924 Sibley, Hammond, Indiana, in 1996.

11. He had been current with all mortgage payments when, in late 1998, Green Tree agent Nick C. Mallinos aggressively pursued him to refinance the home in his name and the name of his wife, co-Plaintiff, Elisa F. Rico, which they did in 1999.

12. In doing so, Green Tree used the Ricos' minor-aged son as a translating tool to coerce the Ricos into believing they were signing refinancing documents that were in their best interests, when it was not, making the unconscionable contract unenforceable..

13. Currently, the Rico's 28-year old daughter, Maricela Rico, acts as their translator and has been their Power of Attorney since 2013.

14. In February, 2014, Maricela, informed her parents that recent mail from OCWEN indicated they had a $40,000.00 balloon payment due at the end of their required monthly mortgage payments in Aug. 2014.

15. The Ricos were unaware of this balloon payment until their

daughter Maricela informed them of such in February 2014, and since then have been in mental anguish and emotional turmoil for fear of losing their house and good credit.

## Defendant Green Tree

16. Defendant Green Tree, through its agent, Nick C. Mallinos, benefitted from the events described in the paragraphs above, numbers 1-15, inclusive, and they are re-alleged as though fully set out and incorporated herein.

17. In 1998- 1999, Green Tree broker Nick C. Mallinos from its Oak Brook, Ill.-based office on Butterfield Road, used the phone, personal visits and express delivery mail to aggressively pursue the Ricos to refinance their 1996 adjustable-rate loan

18. In doing so, he used the Rico's minority-aged son, Alejandro Figueroa, as a translator for words and documents to coerce the Ricos' approval of the high-risk loan to their detriment.

19. Now an adult, Alejandro Figueroa denies ever being told to tell his parents of the balloon payment included in the refinancing.

20. Green Tree's agent Nick C. Mallinos told Alejandro Rico that with the refinancing, his parents' mortgage would be paid off in fixed-rate payments over

15 years, which is what they thought they agreed to.

21. The refinancing scheme excessively increased the amount they owed on the property, increased the interest rates they were paying and took away from the Ricos any homeowner equity or hope for equity accumulation.

### Defendant Bank One

22. Bank One benefitted from the events described in the previous paragraphs, 1-21 inclusive. and they are re-alleged as though fully set out and incorporated herein.

23. Bank One worked in conjunction and concert with Green Tree agent Nick C. Mallinos to refinance the Ricos mortgage on or about July 22, 1999.

24. On or about July 22, 1999, to the benefit of Bank One and the detriment of the Ricos, Notary Janet Huff, acting on behalf of Bank One, Oak Forest, Ill.-based Stewart Title Co. of Illinois and Tinley Park, Ill.-based brokerage Integrity Home Mortgage, improperly Notarized documents, known as "robo- signing," indicating the Ricos had been before her in Cook County, Illinois to sign the loan closing and other documents, when the signing took place in the Ricos' Hammond, Indiana home, and Ms. Huff was

not present.

25. Bank One improperly indicated to the U.S. Housing and Urban Development Department that the July 22, 1999 Settlement Statement was completed in Oak Forest, Ill., when the Ricos only signed documents presented to them in their Hammond, Indiana home.

26. On or about July 22, 1999, representatives of Bank One, in concert with Green Tree agent Nick C. Mallinos, encouraged Plaintiff Pedro Rico to quit claim the deed to the 924 Sibley home himself and his wife, as they knew that Pedro Rico's 1998 income of $12,452.00 alone would not qualify him for a refinancing.

27. On or about July 22, 1999, representatives from Bank One, in concert with Nick C. Mallinos, agent of Green Tree, encouraged Elisa Rico to use false information, such as an illegal Social Security number and false earned income figures on the signing documents.

28. In 2001, servicing of the Rico's mortgage payments was transferred to Litton Loan Servicing. In 2002, Litton, seeing a problem with Elisa Rico's social security number, sent a form for her to correct the impropriety.

29. On or about July 22, 1999, Bank One officials acting in concert with Green Tree's agent, improperly used inflated appraisal figures for valuing the

Ricos property.

30. On or about July 22, 1999 representatives from Bank One, acting in concert with Green Tree agent Nick C. Mallinos, listed the purpose of the refinancing was debt consolidation, when the Ricos had no debt other than their mortgage, which was current at the time.

31. On or about July 22, 1999, representatives from Bank One acting in concert with Green Tree agent Nick C. Mallinos, improperly coerced the Ricos to sign documents indicating the refinancing interest rate was 9.75% and other documents indicating the loan interest rate was 11.090%, in effect a bait-and-switch.

32. In 2004, Bank One took the Ricos' high risk loan, bundled it with other high-risk mortgages and securitized it through Bank of New York Mellon f/k/a/ Bank of New York.

### Defendant Bank OF NEW YORK MELLON F/K/A BONY

33.. Defendant Bank of New York Mellon, f/k/a Bank of New York, has benefitted from the results of actions described in the paragraphs above, 1-32 supra, and they are re-alleged as though fully set out and herein.

34. In 2004, Bank Of New York Mellon, f/k/a Bank of New York became alleged owner of the Rico's mortgage and note as Trustee on behalf

of registered certificate holders of GSMAP Trust 2004-SEA-2, Mortgage Pass Through Certificates, Series 2004-SEA2.

### Defendant OCWEN Servicing

35 . OCWEN has benefitted from the events in the paragraphs above, numbered 1-34, *supra*, and they are re-alleged as though fully set out and incorporated herein.

36. OCWEN has serviced the Ricos payments since July of 2004.

37. On or about Feb. 7, 2014, OCWEN sent the Ricos a Notice that in August 2014, they would face a $40,000.00 balloon payment on their mortgage.

38. When the Ricos received notice from OCWEN in February 2014, their daughter Maricela accompanied them to a housing counselor, who advised petitioning for a mortgage modification.

39. In the spring of 2014, Maricela Rico, acting as her parents' POA, petitioned OCWEN for a mortgage modification, but included in her written application, a demand for contract recission or principal reduction due to the improper activities described above.

40. On or about May 30, 2014, OCWEN, *sua sponte*-like, enacted a

trial mortgage modification for the Ricos' loan, despite not responding to the specific allegations and remedies requested by the Ricos.

41. OCWEN then proceeded to improperly take the three (3) monthly payments out of the Ricos' Bank account, the last one Aug. 12, 2014, for the trial modification payments, despite the Ricos' lack of knowing approval for OCWEN to do so.

42. On or about July 23, 2014, OCWEN, on its own, without request nor approval from the Ricos, enacted a permanent modification of the Ricos' loan.

43. In January, 2015, OCWEN improperly threatened the Ricos with foreclosure, even though it has no present right to possession of the property under its assignment and the voidable nature of the mortgage contract.

### PRAYER FOR RELIEF SOUGHT

WHEREFORE, Plaintiffs pray this Court grant judgment for all penalties and damages and all further and appropriate relief for the myriad violations of state and federal law in the predatory loan tactics of the Defendants, including, but not limited to:

A) The recission of the contract dated June 22, 1999, which has proved to benefit of the Defendants to the detriment and financial harm to the Plaintiffs, under the federal reserve board interpretations, Title 12 Code of Federal Regulations Part 226, Supplement 1 Paragraph 23(a).

B) Suitable actual, compensatory and punitive damages, under provisions of the Truth in Lending Act, RESPA, and the Fair Debt Collection Practices Act, for the improper activities of the named Defendants which has unjustly caused the Ricos mental anguish and emotional distress .

C) Any and all other the statutory relief the Court finds appropriate in the interests of justice, including attorney fees and costs..

                Respectfully Submitted,

                */s/ Curtis P. Vosti*
                Curtis P. Vosti   28113-45

                5930 Hohman Ave., Suite 103
                Hammond, IN   46320

                219-933-4700

                **Plaintiff Demands Trial By Jury**

                */s/ Curtis P. Vosti*